Dear Mr. Moresi:
You have requested an opinion from this office on behalf of the Vermilion Parish Police Jury concerning a proposed acquisition of property by that body.
You advise that the parish desires to acquire a lot and building in Abbeville, Louisiana, that is currently owned and occupied by Hibernia National Bank; but that Hibernia wishes to retain possession of a small portion of the building and property for continued use as a drive-thru banking facility.
If the parish purchases the property and building, you ask whether a long term lease of a portion of it to the bank would require the Police Jury to comply with the provisions of the Public Lease Law, La.R.S. 41:1211 et seq. We are of the opinion that the Police Jury must comply with the procedures of the Public Lease Law in leasing a portion of the building and property to Hibernia in the absence of a special law granting the parish an exemption from the Public Lease Law. See: Arnold vs. Board of LeveeCommissioners of the Orleans Levee District, 366 So.2d 1321 (La. 1978), and cases cited therein.
Secondly, you ask whether the parish may avoid complying with the Public Lease Law by declaring that portion of the property to be occupied by the bank as no longer needed for public purposes pursuant to the provisions of La. R.S. 33:4711? Louisiana Constitution Article VI, § 23 mandates that parishes may only acquire property for a public purpose. Therefore, before public property can be declared no longer needed for a public purpose, it must first have been acquired for a public purpose. If the Police Jury was to acquire this particular lot and building and then turn around and lease a portion of it as no longer needed for a public purpose, they would appear to be clearly admitting that a portion of this lot and building was never needed for a public purpose in the first place. Since public funds may not be used to purchase property except for a public purpose, we are of the opinion that the Police Jury may not use La.R.S. 33:4711 to lease a portion of this building and property to the bank.
Finally, you ask whether the parish and the bank may agree to a reduction in the purchase price in return for allowing the bank to retain use (either with or without title) of a portion of the property; and thereby avoid the requirements of Title 33 and Title 41? We are of the opinion that the parish may purchase at a reduced price only a portion of the property, and allow the bank to retain title to that portion of the property that it would require for its own use. However, allowing the bank to retain use of a portion of the property without title, based on a reduced purchase price, is in reality a disguised lease. We are of the opinion that this would be clearly prohibited as not complying with the requirements of the Public Lease Law.
We hope that this answers your inquiry; but if you have any further questions regarding this matter, please do not hesitate to contact our office.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ___________________________ ROBERT H. CARPENTER, JR. Assistant Attorney General
RPI/RHC/tp